CARR SCHOOL OF PREVENTIVE DENTISTRY AND MEDICINE v. JAMES.

(Circuit Court of Appeals, Seventh Circuit.   October 7, 1919.)

No. 2704.

PATENTS ☞328—FOR DENTISTS' TOOLS VOID FOR LACK OF INVENTION.
      The Carr patent, No. 1,138,355, for dentists' tools, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Carr School of Preventive Dentistry and Medicine against Austin F. James.   Decree for defendant, and complainant appeals.   Affirmed.

Appeal from the decree dismissing a petition charging appellee with infringing patent No. 1,138,355, relating to dentists' tools.

William F. Freudenreich, of Chicago, Ill., for appellant.

Percy B. Eckhart and Luther Johns, both of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.   Errors relied on are that the court erred in not holding:

I.  That claim 2 of the patent in suit is valid and infringed.

II.  That the infringement amounted to unfair competition. ·

Claim 2 is as follows:

"Tools for the treatment of teeth, comprising a series of straight handles, each tool adapted for use upon a predetermined shaped portion of the tooth, and each having a cutting edge and a guiding portion; the guiding portion serving to engage with the tooth in advance of the cutting edge to steady the same, and the cutting edge being in the line of the axis of the handle, whereby the instrument has no tendency to turn when in use, and planes as contradistinguished from scraping the surface."

Stripped of all verbiage, the claim is:

First.   For a guiding portion of the tool to touch the tooth in advance of the cutting edge.

Second.   For a cutting edge in line of the axis of the handle.

I.  The specifications do not tell how this "guiding portion" is made or where it is or should be located.   An examination of Figures 10, 11, 12, 13, and 14 in the Carr letters patent conclusively indicate that the "guiding portion" is not and cannot be definitely fixed anywhere, but is merely the necessary contact between the side of the tooth and the side of the instrument.   In Figure 14 there is no contact at all, and in his testimony patentee Carr said that in some cases, without proper adjustment of the angle of the cutting bit or blade, there could be no rest or "guiding portion."

. In addition to this, the uncontradicted testimony shows that many dentists used the same sort of contact and that resting the instrument against the tooth was, in most cases, unavoidable.   It further appears

that in this respect there is no appreciable difference between the Carr tools and the construction of the Cravens tools and many others testified about and in evidence, made and used long before the Carr application was filed.

II. While, on first reading, the language, "the cutting edge being in the line of the axis of the handle," seems simple, it will not stand analysis. The cutting edge is a line, and, if the language means anything, it means that that line, in construction and use, is merely an extension of the longitudinal axis of the handle.

An examination of the Carr tools shows that no tool is constructed on this plan. If any one such tool would be of use in dentistry, Carr did not make it, and 150 such tools, as contemplated by appellant for a set, would evidently be purposeless.

If the language means that the line indicating the cutting edge is at right angles with the longitudinal axis of the handle, so that the point marking the center of the line would be touched by an extension of the longitudinal axis of the handle, it will be found to be true in only one or two instances in the Carr tools; but it was and is also true in the Cravens, and numerous other tools made and used long before the alleged Carr invention.

What the language was probably intended to mean is that the center of the cutting edge is in line with the longitudinal axis of the handle. An examination of the tools in evidence shows that this is probably true generally and it also shows that in a great majority of the instruments the cutting edge is so made that in use the tool is not pulled directly toward the operator, but must necessarily be operated by pulling or pushing against the side of the tool. If pulled directly toward you, as a Japanese plane is operated, it would neither scrape nor plane, but would merely scarify the tooth by drawing the cutting edge quartering across it. This would be a useless device.

The decree of the District Court is affirmed.